**MEIQIN GAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–4413–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

Benjamin B. Xue, New York, NY, for Petitioner.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Meiqin Gao, a citizen of the People's Republic of China, seeks review of an August 31, 2006 order of the BIA affirming the February 2, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Gao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meiqin Gao,* No. A79 218 213 (BIA Aug. 31, 2006), *aff'g* No. A79 218 213 (Immig. Ct. N.Y. City Feb. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

As an initial matter, we lack jurisdiction to review the agency's denial of Gao's asylum claim on the basis that she failed to prove that she filed her application within one year of entry into the United States or that changed or extraordinary circumstances existed such that she was prevented from filing on time. 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 323 (2d Cir.2006). Although we retain jurisdiction to consider constitutional claims and questions of law, Gao has presented no such argument. *See Xiao Ji Chen,* 471 F.3d at 322–23. Therefore, the petition is dismissed with respect to Gao's asylum claim.

Withholding of removal, however, is not subject to any filing deadlines, and the IJ's factual findings underlying the denial of that claim are reviewed for substantial evidence. *Id.* at 339–40.

Substantial evidence suggests the IJ's denial of Gao's withholding of removal claim after making an adverse credibility finding. The IJ accurately observed that Gao testified inconsistently with her written application with respect to the timing of her abortion and gave varying accounts of the procedure itself. Because the alleged abortion is the underlying basis of Gao's family planning-based claim, such inconsistencies were material and it was reasonable for the IJ to rely on them to support his adverse credibility determination. *See Xiao Ji Chen,* 471 F.3d at 315 (determination supported by inconsistencies between applicant's testimony and other evidence regarding the timing of her alleged abortion, the circumstances under which her pregnancy was discovered and terminated, and various other details regarding her experiences with the Chinese family planning policy). In addition, the IJ reasonably rejected Gao's explanation for these inconsistencies-that the translation of her written statement was incorrect-because Gao never provided a corrected translation of her written statement to support her claim. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

The IJ also determined that Gao's demeanor during the hearing diminished the credibility of her testimony. Because of the "particular deference" we give to demeanor findings, *see id.* at 81 n. 1, this determination added further support to the IJ's adverse credibility finding.

Because Gao failed to exhaust her administrative remedies regarding her CAT claim, we are precluded from reviewing that claim in the first instance and the

petition for review is dismissed with respect to that claim. *See* 8 U.S.C. § 1252(d)(1); *Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.